UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KRIS PORTIER, EDWARD )
SNELGROVE, ANTONIO BATALHA, )
KRISTINE TANSIL, JOHN TANSIL, )
JOSE RIVAS, and MILTON MANZANO, )
individually, and on behalf of all others )
similarly situated, )
    Plaintiffs, ) Civil Action No. 3:17-cv-30111-TSH
)
v. )
)
NEO TECHNOLOGY SOLUTIONS dba )
ONCORE HOLDINGS LLC, ON CORE )
MANUFACTURING, LLC, NATAL )
ENGINEERING CO., INC., NEO TECH, )
NORTH AMERICA, NEO TECH, )
INC., and all other names used by NEO )
TECHNOLOGY SOLUTIONS, )
    Defendants.

### REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT
(Dkt. No. 18)

ROBERTSON, U.S.M.J.

    I.    RELEVANT PROCEDURAL BACKGROUND

Plaintiffs' amended complaint, filed on December 22, 2017, arises from a data breach that occurred on or around January 27, 2016 in which, plaintiffs allege, the W-2 data for some 1,400 current and former employees of NEO Technology Solutions and related entities, working in Massachusetts and California, was stolen by means of a response to a so-called "phishing" scam (Dkt. No. 17 at 2, ¶¶ 2-4). Defendants moved to dismiss the amended complaint on January 22, 2018 (Dkt. No. 18); plaintiffs opposed the defendants' motion (Dkt. No. 22). These initial filings were followed by a reply brief on the defendants' behalf (Dkt. No. 29); and a sur-reply filed by plaintiffs (Dkt. No. 30). In summary, the defendants contended that the amended complaint should be dismissed on the grounds that: (1) plaintiffs lacked Article III standing

1

because they had not pled a concrete injury-in-fact or an imminent risk of future harm; (2) the claims of one of the named plaintiffs should be dismissed because her personal information had not been stolen; and (3) plaintiffs' statutory claims, asserted under Massachusetts and California regulations and statutes, failed to state claims under the statutory and regulatory provisions on which the plaintiffs relied. The defendants further contend that the plaintiffs' request for declaratory relief is improper because they are not seeking a declaration that would clarify the rights and obligations of the parties. Finally, the defendants contend that the claims of some of the named plaintiffs should be dismissed because they signed releases of claims against the defendants and the releases include arbitration provisions such that this court should not be deciding whether the releases apply to the pre-existing claims asserted in the amended complaint (Dkt. Nos. 19 & 29).

Resolution of the defendants' motion to dismiss has unavoidably been delayed by recusal orders entered by two judges to whom the case was assigned (Dkt. Nos. 32, 33, 35). Following re-assignment of the case to presiding District Judge Timothy S. Hillman, he referred the pending motion to dismiss to the undersigned (Dkt. No. 37). *See* 28 U.S.C. § 636(b)(1)(B). At the parties' request, the initial hearing date set by this court was continued to January 16, 2019 (Dkt. Nos. 39, 40). In the plaintiffs' opposition to defendants' motion to dismiss, the plaintiffs requested that the defendants' motion to dismiss be denied, or, in that alternative, that plaintiffs be given "the opportunity to Amend the Complaint to clarify the pleadings" (Dkt. No. 22 at 30). A number of the plaintiffs attended the January 16, 2019 hearing. At the conclusion of the hearing, the court inquired of plaintiffs' counsel whether she wanted the court to address the pending motion to dismiss on the merits or preferred to move orally for leave to file a second amended complaint. Having conferred with those of her clients who were in attendance,

plaintiffs' counsel moved orally for leave to file a second amended complaint.  The defendants' counsel assented to this motion by plaintiffs, subject to the understanding that the defendants have not waived their right to renew their motion to dismiss in response to a second amended complaint.  The defendants agreed that it would be acceptable for the undersigned to recommend that their pending motion to dismiss be denied without prejudice.

Based on consultation with counsel, this court set deadlines as follows.  The plaintiffs will file their second amended complaint by no later than March 22, 2019, with the defendants' response thereto to be filed by no later than April 19, 2019.

II. CONCLUSION

For the foregoing reasons, this court recommends that the Defendants' Motion to Dismiss Plaintiffs' Amended Complaint be denied without prejudice with the understanding that plaintiffs will file their second amended complaint by no later than March 22, 2019, with the defendants' response thereto, which may seek dismissal of the second amended complaint, being filed by no later than April 19, 2019.

It is so ordered.  /s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
U.S. MAGISTRATE JUDGE