UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KRIS PORTIER, et al., | ) |
| | ) |
| Plaintiffs, | ) Civil Action No.: 3:17-cv-30111-TSH |
| | ) |
| v. | ) |
| | ) |
| NEO TECHNOLOGY SOLUTIONS dba/ ONCORE HOLDINGS LLC, ONCORE MANUFACTURING, LLC, NATEL ENGINEERING COMPANY, INC., NEO TECH, INC., NEO TECH, NORTH AMERICA, and all other names used by NEO TECHNOLOGY SOLUTIONS | ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR <u>FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>**

**THIS MATTER** came before the Court on Plaintiffs' Motion for Final Approval and Incorporated Memorandum of Law ("Final Approval Motion") and Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Expenses and Service Awards.

WHEREAS, the above-captioned matter is a settlement class action pending before the Court; and

WHEREAS, the Court has received and reviewed the Settlement Agreement entered into between the Settlement Class Representatives and the Settlement Class Members on the one hand, and Neo Technology Solutions, OnCore Manufacturing, LLC and Natel Engineering Co., Inc ("NEO Tech") on the other hand (the "Settlement Agreement"), and has considered the terms of the proposed settlement set forth therein (the "Settlement"); and

WHEREAS, all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein; and

WHEREAS, on March 29, 2022, the Court entered its order granting Plaintiffs' Unopposed Motion to Direct Class Notice and Grant Preliminary Approval of Class Action Settlement, (Doc. No. 155), this class action as set forth in the Settlement Agreement, approving the form and method of notice, and setting a date and time for a fairness hearing to consider whether the Settlement should be finally approved by the Court pursuant to Federal Rule of Civil Procedure 23 as fair, adequate, and reasonable (the "Preliminary Approval Order"); and

WHEREAS, the Preliminary Approval Order further directed that all Settlement Class Members be given notice of the Settlement and of the date for the final fairness hearing; and

WHEREAS, the Parties and the Settlement Administrator have advised and confirmed to the Court that such notice has been given; and

WHEREAS, no objections to the Settlement were filed prior to the Objection Deadline, which is the last day for any objections to be considered timely; and

WHEREAS, five Settlement Class Members exclude themselves from the Settlement prior to the Exclusion Deadline, which was the last day for any exclusions to be considered timely;

WHEREAS, the Court having conducted a Final Fairness Hearing on September 14, 2022 (the "Final Approval Hearing"), and having considered the arguments presented, all papers filed and all proceedings had therein;

It is hereby **ORDERED AND ADJUDGED** that the Motion for Final Approval is **GRANTED** as follows:

1. The Court has jurisdiction over the subject matter of this action, all Settlement Class Members, and the Defendants.

2.      In accordance with Federal Rule of Civil Procedure 23, and the requirements of due process, all Settlement Class Members have been given proper and adequate notice of the Settlement. Based upon the evidence submitted by the parties to the Settlement Agreement, the Settlement Agreement, the arguments of counsel, and all the files, records and proceedings in this case, the Court finds that the Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted methods that were reasonably calculated to inform the members of the Settlement Class of the Settlement and their rights thereunder; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law.

3.      The Settlement Agreement in this action warrants final approval pursuant to Rule 23 of the Federal Rules of Civil Procedure because it resulted from vigorously contested litigation, thorough discovery and motion practice, and extensive good-faith arm's length negotiations between the parties, and is it is fair, adequate, and reasonable to those it affects, considering at least the following factors: (i) whether the class was adequately represented; (ii) whether the settlement was negotiated at arm's length; (iii) whether the relief is adequate, taking into account the costs, risks and delay of trial and appeal; how the relief will be distributed; the terms governing attorneys' fees; and (iv) whether class members are treated relative to each other.

4.      The individuals listed on the attached Exhibit A are hereby excluded from the Settlement.

5. The Final Approval Motion is hereby GRANTED, and the Settlement as set forth in the Settlement Agreement is hereby APPROVED as fair, reasonable, adequate, and in the public interest, and the terms of the Settlement Agreement are hereby determined to be fair, reasonable, and adequate, for the exclusive benefit of the Settlement Class Members. The Parties are directed to consummate the Settlement Agreement in accordance with its terms.

6. The Court APPROVES payment of Attorneys' Fees to Class Counsel in the amount of $150,000 in accordance with the terms of the Settlement Agreement and as requested in Plaintiffs' Motion for Award of Attorneys' Fees, Costs, and Expenses.

7. The Court APPROVES Service Awards for Class Representatives Edward Snelgrove, Antonio Batalha, John Tansil, Stewart Scoles, and Frank Roda in the amount of $5,000 per Class Representative in accordance with the terms of the Settlement Agreement.

8. The planned distribution of the Class Settlement Fund is hereby APPROVED as fair, adequate, and reasonable. The Class Settlement amount shall be distributed in accordance with the terms of the Settlement Agreement.

9. In consideration of the benefits provided under the Settlement Agreement, and for other good and valuable consideration, each of the Settlement Class Members (other than those who timely filed valid Exclusion Requests) shall, by operation of this Judgment, have fully, finally, and forever released, relinquished, and discharged all Released Claims against NEO Tech in accordance with the Settlement Agreement. Settlement Class Members (other than those who timely filed Exclusion Requests) are permanently barred from prosecuting any of the Released Claims against NEO Tech.

10. This Judgment is the Final Judgment in the suit as to all Settlement Class Member Released Claims.

11. Without affecting the finality of this Judgment in any way, this Court retains jurisdiction over (a) implementation of the Settlement and the terms of the Settlement Agreement; (b) distribution of the Class Settlement amount, and the Attorneys' Fees and Litigation Costs Amount; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Settlement Agreement and the Settlement, and the administration of Claims submitted by Settlement Class Members. The time to appeal from this Judgment shall commence upon its entry.

12. In the event that the Settlement Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, nunc pro tunc, except insofar as expressly provided to the contrary in the Settlement Agreement or at the direction of any appellate court of competent jurisdiction, and without prejudice to the status quo and rights of Plaintiffs, the Settlement Class Members, and NEO Tech.

13. This Court finds that there is no just reason for delay and expressly directs Judgment and immediate entry by the Clerk of the Court.

**DONE AND ORDERED** in Worcester, Massachusetts, this 15th day of September, 2022.

/s/ Timothy S. Hillman
_____
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE

# Exhibit A

1. Lawrence Foster
2. Owen de Meyer
3. Cruz Arana
4. Tomas Arana Modesto
5. Axton Patterson